STATE OF WEST VIRGINIA

*In re* **Z.H.**

**No. 19-0355** (Tucker County 18-JA-7)

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.H., by counsel Morris C. Davis, appeals the Circuit Court of Tucker County's March 6, 2019, order terminating his parental rights to Z.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him either an extension to his post-adjudicatory improvement period or a post-dispositional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, the DHHR filed a child abuse and neglect petition against petitioner and the paternal grandmother, N.S. The DHHR alleged that petitioner failed to provide proper supervision to the child due to his drug abuse. Specifically, the DHHR alleged that petitioner allowed a friend who was on federal probation for a methamphetamine-related charge to live in the home. During a home search related to petitioner's friend, law enforcement officers found the child in petitioner's room in the presence of marijuana, pills, drug paraphernalia, and possible methamphetamine, all of which was within the child's reach. The DHHR further alleged that petitioner had filled a prescription for 120 pills of hydrocodone only a few days before, but only eight pills remained at the time of the search. Over the course of several interviews, Child Protective Services ("CPS") workers reported that petitioner appeared under the influence and was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not assign as error the termination of his parental rights.

unable to function or speak in complete sentences. Although petitioner admitted to abusing methamphetamine at times, he denied substance abuse and provided a myriad of excuses for how the drugs and paraphernalia came to be in his home, including that he or his deceased father had previously unknowingly purchased them in a lot of items from an auction or that a probation officer had planted them. The DHHR concluded that petitioner's substance abuse impaired his ability to provide for the child. Petitioner waived his preliminary hearing.

The circuit court held an adjudicatory hearing in May of 2018. Petitioner stipulated to the allegations contained in the petition. Specifically, petitioner admitted that he failed to adequately protect the child by allowing a drug-abuser to live in the home and by having drugs and drug paraphernalia in the home within reach of the child. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and ordered that the parties convene a multidisciplinary team ("MDT") meeting to discuss petitioner's request for a post-adjudicatory improvement period. Petitioner was granted phone calls and supervised visits with the child contingent upon his ability to provide negative drug screens.

At a hearing held in June of 2018, the circuit court granted petitioner's request for a post-adjudicatory improvement period, although petitioner and N.S. failed to submit to several drug screens as previously ordered. Further, petitioner submitted to a drug screen that day and tested positive for tetrahydrocannabinol ("THC"). In order to facilitate better compliance, the circuit court permitted petitioner and N.S. to submit to random drug screens on the same days as they claimed transportation issues prevented them from consistently screening. The circuit court held a status hearing in August of 2018, wherein petitioner failed to attend but was represented by counsel. The circuit court was advised that petitioner was not compliant with his improvement period, refused to attend MDT meetings, and had not consistently submitted to drug screens, which resulted in his inability to visit the child. Further, despite petitioner's request for phone calls with the child, he made only one phone call, which reportedly upset the child. A final review hearing was held in September of 2018. Once again, petitioner failed to attend but was represented by counsel. While the court was advised that petitioner continued to be noncompliant, the court continued the proceedings and scheduled a consolidated hearing to discuss petitioner's improvement period and disposition, as well as to provide him time to appear.

In October of 2018, the circuit court held a dispositional hearing. Petitioner appeared and requested a post-dispositional improvement period, which was opposed by the DHHR and the guardian. Testimony established that petitioner had been completely noncompliant with the terms and conditions of his improvement period. Petitioner testified that no referral for parenting and adult life skills services had been made. However, petitioner conceded that he never contacted the DHHR, contacted his attorney, or attended any MDT meetings since his improvement period commenced. Rather than accept responsibility for his actions, petitioner blamed the DHHR for not informing him of dates of hearings and MDT meetings and for not initiating any classes or a psychological evaluation. Because the caseworker was not available to testify to the matter on that day, the hearing was continued.

The dispositional hearing reconvened in November of 2018. Petitioner failed to attend but was represented by counsel. The DHHR presented the testimony of a caseworker, who testified that no referral for parenting and adult life skills classes had been made due to petitioner's

noncompliance with other services, such as calling in daily for random drug screens, submitting to drug screens when required, participating in supervised visitation, and seeking individual therapy. Petitioner only called in to the drug screening office three times after June of 2018, and submitted to no drug screens. As a result, petitioner's supervised visitation with the child was suspended. Moreover, petitioner was expected to participate in MDT meetings and court hearings, but he failed to attend the MDT meetings and several hearings. After hearing evidence, the circuit court found that petitioner "wholly failed to participate" in his improvement period. The court noted that petitioner did not submit to a single drug screen and had merely "sat back and felt that it was someone else's job to work [his] improvement period." Finding that petitioner had not participated in his improvement period to any degree, the court found that there was no likelihood that he would participate in another improvement period. The circuit court further found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the child's best interests. It is from the March 6, 2019, dispositional order terminating his parental rights that petitioner appeals.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying him either an extension to his post-adjudicatory improvement period or a post-dispositional improvement period. According to petitioner, the circuit court failed to adequately consider the DHHR's failure to provide services in imposing disposition. Petitioner contends that testimony established that "no referral was made to the agency that would allow [him] to participate in services associated with his improvement period." Petitioner avers that such a failure warranted either an extension of his post-adjudicatory improvement period or a post-dispositional improvement period. We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia

---

[3]The paternal grandmother's custodial rights were also terminated during the proceedings below. The child was placed in the care of his nonabusing mother and the permanency plan for the child is to remain in her care.

law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Pursuant to West Virginia Code § 49-4-610(6)

> [a] court may extend any improvement period . . . for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

Petitioner fails to demonstrate that he was entitled to an extension of his post-adjudicatory improvement period. As set forth in West Virginia Code § 49-4-610(6), petitioner was only entitled to an extension if it was found that he substantially complied with the terms and conditions of his improvement period. Here, the record demonstrates that petitioner's compliance was woefully inadequate. Petitioner was instructed to call in daily to determine whether he was required to submit to a random drug screen. Prior to the grant of his improvement period, petitioner claimed that he and N.S. had difficulty submitting to drug screens on different days. As such, the circuit court permitted petitioner and N.S. to screen on the same day. Despite this opportunity to improve his compliance, petitioner only called in to the screening center three times after his improvement period began and did not submit to a single drug screen after May of 2018. Further, although petitioner requested phone calls with the child, he called only one time, and the conversation distressed the child. Petitioner's failure to consistently submit to drug screens also led to the suspension of his supervised visitation with the child. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. at 90 n.14, 479 S.E.2d at 600 n.14 (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Lastly, petitioner entirely failed to maintain contact with anyone during the proceedings. Petitioner admitted during the dispositional hearing that he never contacted the DHHR or his attorney and he failed to attend several hearings and MDT meetings. As such, petitioner failed to demonstrate that he was entitled to an extension of his improvement period given his complete lack of compliance during the proceedings below.

We likewise find no error in the circuit court's decision to deny petitioner's request for a post-dispositional improvement period. Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a post-dispositional improvement period when,

> [s]ince the initiation of the proceeding, the [parent] has not previously been granted any improvement period or the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period.

Here, petitioner was granted a six-month post-adjudicatory improvement period. He was required to demonstrate a substantial change in circumstances in addition to his likelihood of fully participating in an improvement period in order to be granted a post-dispositional improvement period. However, in his brief on appeal, petitioner does not indicate where he established any substantial change in his circumstances in the record. Moreover, as shown above, he failed to demonstrate that he was likely to fully participate in an improvement period given his lack of participation in underlying proceedings.

To the extent that petitioner argues that he should have been granted an extension or an additional improvement period based upon the DHHR's failure to make a referral for parenting and adult life skills classes, we find that the circuit court did not err given the overwhelming evidence of petitioner's noncompliance with other aspects of his improvement period. For example, petitioner admitted that he never called the DHHR or his attorney and missed several MDT meetings and hearings. Moreover, petitioner never asked for assistance with transportation or setting up the parenting and adult life skills classes with which he now claims he would have complied. When a parent is granted an improvement period, he or she "shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4)(A). As such, we find no error given petitioner's almost total absence from the proceedings below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 6, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison